ARMSTEAD, Appellant,

v.

LIMA CITY BOARD OF EDUCATION.

[Cite as *Armstead v. Lima City Bd. of Edn.* (1991), 75 Ohio App.3d 841.]

Court of Appeals of Ohio,
Allen County.

No. 1–90–90.

Decided Aug. 28, 1991.

*David A. Little* and *Joseph W. Meek,* for appellant.

*David A. Rodabaugh,* Director of Law, for appellee.

HADLEY, Judge.

This is an appeal from a judgment entry of the Allen County Common Pleas Court dated August 27, 1991, which affirmed the decision rendered by the Lima City Board of Education to expel Deanna Armstead, appellant's daughter, from Lima Senior High School for the remainder of the school year for possession of "weapons and dangerous instruments" in violation of Rule No. 5 of the Student Handbook.

On March 16, 1990, Deanna Armstead brought a "keychain" that held numerous large wrenches to Lima Senior High School after she was involved in an altercation with some other students. As a result, she was suspended for ten days and then, upon recommendation, after a hearing on the matter, she was expelled by Dr. Charles Buroker, the Superintendent of the Lima City Schools.

Appellant appealed the expulsion to the Lima City Board of Education (hereafter "the board" or "appellee") wherein, on April 19, 1990, a public hearing was held. The board then deliberated in executive session, and the Superintendent's decision to expel appellant's daughter was upheld.

Thereafter, appellant appealed to the Allen County Court of Common Pleas and filed a "Motion for Presentation of Additional Evidence pursuant to R.C.

2506.03." The court overruled this motion, reasoning that "[s]ince this is a legal issue no further evidence is required." After oral argument, the court held that the board's decision was not unconstitutional, illegal, arbitrary, or unreasonable and was supported by a preponderance of substantial, reliable and probative evidence.

It is from this judgment which appellant now appeals, asserting the following assignments of error:

### Assignment of Error Number One

"The decision of the common pleas court affirming the appellee's order of expulsion is not supported by a preponderance of substantial, reliable, and probative evidence as a matter of law."

### Assignment of Error Number Two

"The court below erred by denying the appellant an evidentiary hearing as demanded by statute, thereby prejudicing her appella[te] rights."

From the two assignments set forth above, two basic issues arise:

(1) Whether the board's deliberations in executive session violated either the procedural requirements of R.C. 3313.66(E) or the "sunshine law," R.C. 121.22; and

(2) Whether the court of common pleas erred in denying the appellant an evidentiary hearing pursuant to R.C. 2506.03.

Clearly, there are no factual issues in dispute in this matter. Appellant admitted that her act was wrong and that it was prohibited by school rules. Thus, we are in agreement with the assessment of the court of common pleas that this matter concerns only questions of procedural error and statutory construction.

R.C. 2506.04 provides that the judgment of the court of common pleas in an administrative appeal may be appealed to the court of appeals on questions of law.

The scope of review for an appellate court on questions of law is set forth in *Kisel v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 30, 465 N.E.2d 848, 852, at fn. 4, where the court concluded:

"This statute [R.C. 2506.04] gives the common pleas court power to weigh the evidence * * * [and] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law' * * *. *Within the ambit of 'questions of law' for appellate court review would be abuse of discretion by the common pleas court.*" (Emphasis added.)

Thus, as to questions of law, an appellate court's scope of review is limited to a consideration of whether the common pleas court abused its discretion.

██ In addressing the first issue, appellant contends that R.C. 3313.66(E) prohibits a board of education from considering an expulsion of a student in executive session unless requested to do so by the student, her mother, or counsel. The common pleas court found that there was nothing in R.C. 3313.66(E) which prohibited the board from deliberating the case in executive session so long as the board " * * * act[s] upon such suspension or expulsion only at a public meeting."

R.C. 3313.66(E) is silent as to whether the deliberations of the board must be held in public and we refuse to affix a word the statute lacks, especially when the effect would be a material change in the required procedure. See *Columbus–Suburban Coach Lines, Inc. v. Pub. Util. Comm.* (1969), 20 Ohio St.2d 125, 49 O.O.2d 445, 254 N.E.2d 8. Therefore, the court did not abuse its discretion in finding the executive session proper.

██ Moreover, we find no error in the trial court's finding that the board did not act in violation of the "sunshine law," R.C. 121.22, by conducting a public hearing and then deliberating thereon in executive session. This statute reads in pertinent part:

"(C) All meetings of any public body are declared to be public meetings open to the public at all times. * * *

" * * *

"(G) The members of a public body may hold an executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold such a session * * * for the sole purpose of the consideration of any of the following matters:

"(1) To consider the * * * discipline * * * or the investigation of charges or complaints against a * * * regulated individual, *unless the * * * regulated individual requests a public hearing.*" (Emphasis added.)

When read in conjunction with R.C. 3313.66(E), where a public hearing is the rule and, as discussed earlier, deliberating in executive session is not prohibited, it only follows that the board could also deliberate in executive session pursuant to the exception provided for in R.C. 121.22(G), "unless the * * * regulated individual requests a public hearing."

In this case, the court stated that it could "find nothing in the record wherein Appellant or her counsel requested public deliberations or objected to the executive session so as to preserve this issue." We detect nothing in the record that is contrary to this finding.

We find no abuse of discretion by the court of common pleas in its interpretation or application of the statutes involved in this case. Therefore, the first assignment of error is overruled.

■ Regarding appellant's second assignment of error, the denial of her request for an evidentiary hearing, R.C. 2506.03 controls what additional evidence, if any, may be considered by the common pleas court. The statute sets forth five basic exceptions, any one of which must be met for the court to look beyond the transcript.

In the case *sub judice*, appellant relies on the fifth exception, contending that the board failed to file "conclusions of fact supporting the final order." Although it may appear that appellant has met the criteria required under R.C. 2506.03(A)(5) for the introduction of additional evidence, it is still in the discretion of the common pleas court whether to allow its introduction if there is no reasonable likelihood that it will effect the outcome.

As was stated in *Franklin Twp. v. Marble Cliff* (1982), 4 Ohio App.3d 213, 4 OBR 318, 447 N.E.2d 765, paragraph one of the syllabus:

"In an appeal pursuant to R.C. Chapter 2506, where a transcript of administrative hearings is filed which contains gaps and omissions, the judgment of the court of common pleas predicated thereon will not be disturbed unless the complaining parties can demonstrate that there is a reasonable likelihood that the outcome would have been different had they been permitted to introduce additional evidence."

The common pleas court found that since there were no factual issues in dispute, as appellant's daughter had admitted to violating the school rules, additional evidence would not be required. In addition, appellant has not demonstrated that there is a reasonable likelihood of a different outcome had she been permitted the evidentiary hearing.

■ Appellant's only allegation, that goes beyond a mere speculation of prejudice, rests upon the role of the non-board members who were present at the executive session, specifically the school superintendent, high school principal and board counsel. In considering this issue, the court of common pleas relied upon the holding from *Newsome v. Batavia Local School Dist.* (C.A.6, 1988), 842 F.2d 920. The *Newsome* court found, in light of the requirements set forth in *Goss v. Lopez* (1975), 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725, as a general matter, it was not a violation of due process for a school principal and superintendent to participate in the deliberation process. *Newsome*, at 926–927.

Moreover, we note that the factual allegations against appellant's daughter were admitted, that there was no additional evidence needed to find guilt and

that the punishment given was clearly within the board's authority. Therefore, we find no prejudice incurred by the fact that non-board members were present at the executive session.

Accordingly, we find that the common pleas court did not abuse its discretion in denying appellant an evidentiary hearing pursuant to R.C. 2506.03, and the second assignment of error is overruled.

The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.