**HART, Appellant,**

v.

**CITY OF FAIRBORN, Appellee.**

[Cite as *Hart v. Fairborn* (1996), 116 Ohio App.3d 604.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 96 CA 47.

Decided Dec. 13, 1996.

*Jeffrey M. Silverstein & Associates, Jeffrey M. Silverstein* and *William H. Prophater, Jr.,* for appellant.

*Gerald E. Schlafman,* Fairborn City Solicitor, for appellee.

---

FREDERICK N. YOUNG, Judge.

Kelly Bartlett Hart is appealing the decision of the Common Pleas Court of Greene County, Ohio, to dismiss her appeal, pursuant to R.C. 2506.01, from a decision of the City of Fairborn Personnel Advisory Board. The board had held, without a hearing, that it did not have jurisdiction over Hart's appeal to it from her termination as a deputy clerk in the Fairborn Municipal Court because she was an "unclassified" employee.

The trial court dismissed Hart's appeal to it on the ground that she could prove no set of facts in support of her claim. Civ.R. 12(B)(6).

It is undisputed that Hart was terminated from her position as deputy clerk in the Fairborn Municipal Court when a new municipal judge took office. The Charter of the City of Fairborn provides that the unclassified service includes "court clerks." Section 4.02(c)(I.)(c). Appellant Hart argues that she should be permitted to have a hearing before the common pleas court pursuant to R.C. 2506.03 and the opportunity to present evidence in support of her position that she is a member of the classified civil service, not unclassified. However, we find that it is abundantly clear from the words of the Fairborn City Charter itself that the voters of the city of Fairborn have already determined that a court clerk is in

the unclassified civil service. The issue clearly is one of law only and no hearings are required in such a case. *Armstead v. Lima City Bd. of Edn.* (1991), 75 Ohio App.3d 841, 600 N.E.2d 1085.

The appellant argues that the title does not in and of itself place her into unclassified civil service and refers us to *State ex rel. Shine v. Garofalo* (1982), 69 Ohio St.2d 253, 23 O.O.3d 251, 431 N.E.2d 680, which she maintains found a deputy clerk of courts to be a member of the classified civil service. On the contrary, in that case the appellant deputy clerk was acknowledged throughout to be in the classified civil service, and the only issue in that case was whether the employee there had a plain and adequate remedy in the ordinary course of law so that a writ of mandamus would not lie.

Appellant's assignment of error is that the court erred in granting the appellee's motion to dismiss without an evidentiary hearing. Although we believe that the trial court should have handled this matter as a judgment on an appeal pursuant to the procedure set forth in R.C. Chapter 2506, rather than a decision on a motion to dismiss, we nevertheless find no error in the trial court's judgment since the hearing would not have been required under R.C. Chapter 2506 in any case.

The assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

WOLFF and GRADY, JJ., concur.