**LEWIS, Appellant,**

v.

**CITY OF FAIRBORN, Appellee.**

[Cite as *Lewis v. Fairborn* (1996), 116 Ohio App.3d 602.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 96 CA 48.

Decided Dec. 13, 1996.

*Jeffrey M. Silverstein & Associates, Jeffrey M. Silverstein* and *William H. Prophater, Jr.,* for appellant.

*Gerald E. Schlafman,* Fairborn City Solicitor, for appellee.

FREDERICK N. YOUNG, Judge.

Angel G. Lewis is appealing the decision of the Common Pleas Court of Greene County, Ohio, to dismiss her appeal, pursuant to R.C. 2506.01, from a decision of the City of Fairborn Personnel Advisory Board. The board had held, without a hearing, that it did not have jurisdiction over Lewis's appeal to it from her

termination as community service coordinator for the Fairborn Municipal Court because she was an "unclassified" employee.

The trial court dismissed Lewis's appeal on the ground that she could prove no set of facts in support of her claim. Civ.R. 12(B)(6).

It is undisputed that Lewis was terminated from her position as community service coordinator in the Fairborn Municipal Court when a new municipal judge took office. The Fairborn City Charter provides that "the unclassified service shall include * * * court clerks, bailiffs, and such officers and employees of the municipal court *as it is found* it impracticable [*sic*] to determine their fitness by competitive examination in accordance with the provisions of the Personnel Rules and Regulations." (Emphasis supplied.) Section 4.02(c)(I.)(c). Unlike a companion case,[1] where the employee was a deputy clerk of courts and so directly named in the charter, Lewis is not holding a position already determined by the voters of Fairborn to be in the unclassified service (such as a clerk of courts), but rather holds a position in the employ of the Fairborn Municipal Court which has yet to be determined by the proper authorities to be either classified or unclassified.

It is undisputed that the board acted without a hearing to refuse Lewis's appeal from her termination. The minutes of the January 16, 1996 meeting on the subject in question state:

"The next item discussed was the submitted appeals of five municipal court employees who lost their jobs when the new judge was elected. These employees had requested that the PAB hear their appeal on their terminations. A letter of opinion was given to them by Rose Trout from Gerald Schlafman, City Solicitor, stating that municipal court employees were unclassified employees according to our City Charter and were thus not entitled to an appeal to the PAB. The PAB agreed with the opinion of the city Solicitor and the five grievances were denied an appeal hearing."

The city attorney had advised the board by memorandum dated January 9, 1996, that all five of these were "employees at will" since they "were hired by the court without testing and may be fired by the court without cause." Lewis was never given the opportunity to appear before the board and to be heard in person or through her attorney. She filed an appeal pursuant to R.C. Chapter 2506 to the court of common pleas, which, after receiving briefs from both parties, dismissed her appeal, without a hearing, on the grounds that she could prove no set of facts in support of her claim.

---

1. *Hart v. Fairborn* (1996), 116 Ohio App.3d 604, 688 N.E.2d 1084, decided this same date.

R.C. 2506.03 specifically provides that if the appellant was not permitted to appear at the administrative level and be heard in person or by her attorney and allowed to present arguments, offer and examine witnesses or present evidence, and do all such other things as are customarily allowed in a hearing at law, the court "shall hear the appeal upon the transcript and such additional evidence as may be introduced by the party." R.C. 2506.03. It is obvious that the board had no evidence before it in making its decision. A letter from the city attorney is not evidence. And since the board did not hold a hearing of any kind, appellant Lewis is obviously entitled to a hearing pursuant to the provisions of R.C. 2506.03 before the court of common pleas on her appeal from the unsupported (except by advice of counsel) and conclusionary decision of the board. Appellant Lewis's claimed error is that the trial court erred in granting appellant's motion to dismiss without an evidentiary hearing, and we sustain this assignment.

The judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion. We point out that we make no judgment on the merits of the issue, that is, whether Lewis is a member of the classified or the unclassified civil service in the city of Fairborn.

*Judgment reversed*
*and cause remanded.*

WOLFF and GRADY, JJ., concur.