**LEWIS, Appellant,**

v.

**CITY OF FAIRBORN, Appellee.**

[Cite as *Lewis v. Fairborn* (1997), 124 Ohio App.3d 292.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 97 CA 66.

Decided Dec. 12, 1997.

*Jeffrey M. Silverstein* and *William H. Prophater, Jr.*, for appellant.

*Gerald E. Schlafman*, Fairborn City Solicitor, for appellee.

---

WOLFF, Judge.

Angel G. Lewis appeals from a judgment of the Greene County Court of Common Pleas, which dismissed her administrative appeal from a decision of the Fairborn Personnel Advisory Board ("the Personnel Board").

In 1995, Lewis was removed from her position as Community Restitution Coordinator with the Fairborn Municipal Court when a new judge was elected. She filed a notice of appeal with the Personnel Board, which hears appeals from employees in the city's classified civil service. Without conducting a hearing, the Personnel Board held that it lacked jurisdiction to hear Lewis's appeal because she was an unclassified employee. Lewis appealed the Personnel Board's decision to the Greene County Court of Common Pleas pursuant to R.C. Chapter 2506. The trial court dismissed Lewis's appeal without a hearing. Lewis appealed the trial court's judgment to this court and we reversed, holding that "since the board did not hold a hearing of any kind, appellant Lewis [was] obviously entitled to a hearing pursuant to the provisions of R.C. 2506.03 before the court of common pleas on her appeal from the unsupported * * * and conclusory decision of the board." *Lewis v. Fairborn* (1996), 116 Ohio App.3d 602, 604, 688 N.E.2d 1082, 1083.

On remand, the trial court conducted a hearing at which the city of Fairborn presented the testimony of its personnel manager and Lewis testified on her own behalf. Following the hearing, the trial court concluded that Lewis was "not entitled to the protection afforded classified employees" because she had held an unclassified position. Because Lewis was entitled to an appeal to the Personnel Board only if she had held a classified position, the trial court granted the Personnel Board's motion to dismiss the appeal for lack of subject matter jurisdiction.

Lewis asserts one assignment of error on appeal.

"The decision of the Common Pleas Court of Greene County, which determined that appellant was in the unclassified civil service, is not supported by a preponderance of reliable, probative and substantial evidence where the common pleas court held that she exercised little discretion in her job and had no supervisory duties."

Lewis claims that the trial court relied on inappropriate criteria in determining that she was an employee in the unclassified service. Lewis also contends that the trial court's characterization of her job responsibilities as those of an

unclassified employee was not supported by the record or by the court's conclusion that she had exercised little discretion in her position with the Fairborn Municipal Court.

The trial court relied upon several factors in concluding that Lewis had been an unclassified employee. The trial court noted that the city had had a long tradition of treating court employees as unclassified employees and that Lewis had not been given an examination for her position. The court also concluded, based on the evidence regarding Lewis's specific responsibilities, that Lewis's position had required "a high degree of trust, confidence, reliance, integrity and fidility [*sic*]," even though she had exercised little discretion and had had no supervisory duties. Based on this assessment of Lewis's responsibilities, the trial court concluded that the nature of her position placed her in the unclassified civil service.

Lewis argues that the trial court's reliance on the city's "long-term policy of considering the Fairborn Municipal Court employees as unclassified employees" was misplaced. In support of this argument, Lewis relies upon *Yarosh v. Becane* (1980), 63 Ohio St.2d 5, 17 O.O.3d 3, 406 N.E.2d 1355. In *Yarosh*, the Supreme Court held:

"An appointing authority cannot deny employees [the right to the Personnel Board's review of removals] merely by declaring them to be unclassified. The board has jurisdiction over appeals from removals of public employees if it determines that such employees are in the classified service, regardless of how they have been designated by their appointing authorities." *Id.* at 10, 17 O.O.3d at 6, 406 N.E.2d at 1359.

Thus, Lewis is correct that the city's long-standing classification of court employees, in itself, was not entitled to great weight. Likewise, the fact that the city had not tested Lewis for her position was not determinative of her classification. The Supreme Court has held that "irregularities in the appointment procedure will not divest a classified government employee of his statutory rights, at least where those irregularities are the result of a mistake or a dereliction of duty on the part of the civil service commission." *State ex rel. Alford v. Willoughby Civ. Serv. Comm.* (1979), 58 Ohio St.2d 221, 227–228, 12 O.O.3d 229, 232, 390 N.E.2d 782, 787, overruled in part on other grounds, *State ex rel. Shine v. Garofalo* (1982), 69 Ohio St.2d 253, 256, 23 O.O.3d 251, 252–253, 431 N.E.2d 680, 682. In other words, an appointing authority may not assert that a position is unclassified simply because it did not test the person hired to fill that position if the nature of the position is such that one's qualifications would be amenable to testing. Thus, the trial court erred to the extent that it relied upon the city's long-standing treatment of court employees and its failure to test Lewis in concluding that Lewis was an unclassified employee.

■ The section of the Fairborn Charter pertinent to this appeal defines an unclassified employee as "Court Clerks, bailiffs and such officers and employees of the Municipal Court as it is found it [*sic*] impracticable to determine their fitness by competitive examination." Section 4.02(c), Article IV, Fairborn Charter. Thus, the critical question for the trial court to consider in determining whether Lewis was a classified or unclassified employee was the practicability of determining her fitness for her position by competitive examination. The trial court found that the Personnel Board, "in taking no action upon the request to create the [Community Restitution Coordinator] position, determined that this position was a court position and [that it] was impracticable to test for the position." Lewis contends that this conclusion was unsupported by the record. We agree. Fairborn's personnel manager testified about the city's long-standing treatment of court employees as unclassified. She then testified as follows:

"Q: I'll hand you exhibit B and ask if you can identify that?

"A: This is the personnel advisory board agenda from January 23, 1992.

"Q: In that did the position about a new position of community restitution coordinator arise?

"A: Yes. Any time there is a new position, it is brought to the personnel advisory board, any type of position, but again being a court position, they don't really do any action on it. They just simply say it's a court position and they make a comment like we think it's needed, we don't think it's needed. They give their advice to the city manager.

"Q: Did the personnel advisory board approve the new position?

"A: I would say no, they didn't approve it because they considered it an unclassified court position. They didn't really approve it. They just simply said—they give their opinion on the position, whether they thought the judge should bring it on or not, but they don't approve or disapprove a court position.

"Q: I refer to the second to last paragraph in that exhibit, the second page.

"A: Right, it says the PAB had no problem with these two positions and no formal action was required.

"Q: All right. Did the—did the personnel advisory board require the position to be tested for at that time?

"A: No."

The personnel manager also testified that neither she nor anyone on the Personnel Board had ever looked at the duties of the Community Restitution Coordinator to determine whether the required skills were such that they could be tested in a competitive examination. The city presented no other relevant evidence about the Personnel Board's actions. Based on this testimony, the trial

court could not have reasonably concluded that the Personnel Board had considered the practicability of testing for the Community Restitution Coordinator position and had decided that such testing was impracticable. The trial court abused its discretion in reaching this conclusion.

■ Lewis urges that, because the city had not properly determined whether it was practicable to test for her position, the trial court should have considered her duties to determine whether she was in the classified service. In support of this argument, Lewis relies upon *State ex rel. Charlton v. Corrigan* (1988), 36 Ohio St.3d 68, 521 N.E.2d 804, which discussed R.C. 124.11(A)(9)'s exclusion from the classified service of assistants of elected officials holding a fiduciary or administrative relationship to the elected officials. Lewis contends that the trial court should have examined her duties to determine whether she had been in an administrative or fiduciary relationship with the judge, and that if the court had done so, it would have been required to conclude that she had been a classified employee. In fact, the trial court did engage in an analysis of Lewis's responsibilities, citing *Charlton, supra.* It concluded, however, that Lewis had occupied a fiduciary relationship with the judge that excluded her from the classified service. Based upon our review of the city charter, we conclude that Lewis's and the trial court's reliance on *Charlton* was misplaced.

Fairborn's charter, unlike R.C. 124.11, does not classify employees based on their fiduciary or administrative responsibilities. R.C. 124.11(A)(9) expressly includes employees of elected officials who hold a fiduciary or administrative relationship to the elected officials in the unclassified service. Fairborn's charter clearly states that the classification depends upon the amenability of the position to competitive examination, and it expressly supersedes state law. Thus, *Charlton*'s analysis of the fiduciary and administrative responsibilities of public employees was inapplicable to the Fairborn classification scheme. Rather, the charter required the trial court to focus on the practicability of testing for Lewis's position. The city presented no evidence regarding its ability to test for the skills required for the position of Community Restitution Coordinator, and the trial court made no finding on that issue. Having made no finding on the practicability of testing, the trial court could not have reasonably concluded that Lewis's position fell into the unclassified civil service as defined by the Fairborn charter.

Lewis has urged us to enter a judgment finding that she was a classified employee based on the nature of her job responsibilities. Because the record still does not contain evidence on the pivotal issue regarding classification of Fairborn's court employees (other than clerks and bailiffs)—*i.e.*, the impracticability of testing—we decline to enter such a judgment. Rather, we conclude that the appropriate resolution of the matter at this point is to remand to the Personnel Board for it to make the finding which it ought to have made in the first instance

as to whether it is impracticable to test for the position of Community Restitution Coordinator. If the Personnel Board finds that one's merit and fitness for the position of Community Restitution Coordinator cannot be determined by examination, then Lewis was an unclassified employee and had no right to appeal her termination. If, on the other hand, the Personnel Board finds that it is practicable to test for the position, then Lewis is entitled to pursue the remedies available to a classified employee.

The assignment of error is sustained.

The judgment of the trial court is reversed, and this matter is remanded to the Personnel Board for further proceedings.

*Judgment reversed.*

BROGAN and FAIN, JJ., concur.