OPINION
Rodney J. Crandall and Dianne Crandall appeal from an order of the court of common pleas that dismissed an action the Crandalls had filed against the City of Fairborn ("City") and Michael Hammond, its City Manager. The order was entered pursuant to Civ.R. 12(B)(6) on the trial court's finding that the Crandall's complaint failed to state a claim upon which relief can be granted.
The Crandalls' complaint had two branches. The first branch was an appeal to the court of common pleas pursuant to R.C.2506.01 of Rodney Crandall's discharge from employment by the City. The second branch was a claim for money damages alleging that Crandall's discharge by Hammond and the City was wrongful.
The Defendants moved to dismiss both branches of the Crandalls' complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted.
With respect to Crandall's first branch, the R.C. 2506.01
appeal from his discharge, the Defendants argued that Rodney Crandall was not entitled to appeal because his position was in the unclassified service. They pointed to paragraph 3 of Crandall's complaint, which states:
 Pursuant to the Personnel Rules, Regulations, and Orders, and as directed by the attorney for the City of Fairborn, the Plaintiff/Appellant was a non-classified employee, non-civil service, and was not entitled to the appellate process through the Personnel Board of Review or the equivalency of a Civil Service Board.
Defendants also pointed to a statement in paragraph 2 of the complaint that Crandall "was a supervisory employee in the Garage Maintenance Department."
With respect to the Crandalls' second branch, their claim for money damages, the Defendants argued that they are immune from liability pursuant to R.C. 2744.02 and that they owed no duty to Crandall which could be breached on the operative facts set out in the complaint.
The Crandalls replied with a forty-three page motion contra Defendant's motion to dismiss. It was supported by Rodney Crandall's affidavit and the affidavit of his attorney setting out facts pertaining to Crandall's employment and discharge. It was also supported by thirteen exhibits.
On September 18, 1998, the trial court granted the Defendants' motion and dismissed the Crandalls' complaint for failure to state a claim upon which relief can be granted. The Crandalls filed a timely notice of appeal, and now present two assignments of error.
FIRST ASSIGNMENT OF ERROR
 IN FAILING TO CONSIDER, EITHER SEPARATELY OR JOINTLY, THE RELATED CAUSES OF ACTION IN THE APPEAL AND COMPLAINT, FILED AS ONE CONSOLIDATED ACTION, THE LOWER COURT'S DECISION MUST BE REVERSED AS APPELLEES ARE NOT ENTITLED TO IMMUNITY AS PROVIDED UNDER R.C. 2744.
The Defendants presented their immunity claim as grounds for a Civ.R. 12(B) motion to dismiss, not as a defense to Crandall's claims for relief alleging wrongful discharge.
Civ.R. 8(C) provides that, in pleading to a preceding pleading, a party shall set forth affirmatively any matter constituting an avoidance of affirmative defense. The party who pleads them has the burden to prove each such defense. MatchMakerInt'l v. Long (1995), 100 Ohio App.3d 406.
An affirmative defense is any defensive matter in the nature of a confession and avoidance. It admits for pleading purposes only that the plaintiff has a claim, but asserts some legal reason why the plaintiff cannot have relief on the claim. Immunity is an affirmative defense. Klein Darling, Civil Practice, Section AT 8-14.
Civ.R. 12 (B) sets out six grounds on which a complaint may be dismissed. Division (6) is that the claims for relief presented fail to state a claim upon which relief can be granted. To sustain the motion, it must appear beyond doubt from the face of the complaint that the plaintiff can prove no set of facts entitled him to recovery. O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242. If the court must resort to matters outside the face of the complaint to resolve the motion, Civ.R. 12(B)(6) states that it "shall" be converted to a Civ.R. 56(C) motion for summary judgment. State ex rel. Boggs v.Springfield Local School Dist. Bd. Of Edn. (1995), 72 Ohio St.3d 94.
An affirmative defense may be presented by way of a Civ.R. 12(B)(6) motion to dismiss for failure to state a complaint upon which relief maybe granted. However, the better practice is to present the defense by answer and then by a motion for summary judgment, because the court may not grant the Civ.R. 12(B)(6) motion if it is rooted in arguable evidentiary facts. "A court will not conduct a `little trial' by motion prior to a trial on the merits," even where the plaintiff submits rebutting affidavits disputing the grounds on which the motion is based. Anderson's Ohio Civil Practice, Section 153.09, at p. 406.
R.C. 2744.02(A) grants the political subdivisions of the state immunity from civil liability. Division (B)(1) through (5) sets out exceptions to that immunity which are absolute. R.C.2744.03 sets out exceptions which are qualified. The exceptions provided under both heading implicate issues of fact.
The Defendants argued that they are immune from liability pursuant to R.C. 2844.02(A) on most of the grounds for money damages set out in the complaint, and that various divisions of R.C. 2744.02 and R.C. 2744.03 which might create an exception to immunity do not apply to them. These claims relied on matters outside the complaint or required evaluation of the operative facts pleaded therein.
Crandall did not ask the court to convert the Defendant's motion to a motion for summary judgment. Instead, he threw a mass of evidentiary material against the immunity claims in an attempt to show that the Defendants are not immune. At that point, the trial court should have converted the Defendant's motion to a Civ.R. 56 motion for summary judgment, but it didn't. Instead, the court proceeded to conduct a mini-trial on the motion, and after further extensive briefing the court granted the Defendant's request and dismissed Crandall's complaint for money damages.
As a general rule, a party may not complain on appeal of error which he induced the trial court to commit. The elaborate, evidentiary response that Crandall filed in opposition to the motion to dismiss no doubt led the trial court to proceed as it did. However, Civ.R. 12(B) imposes an affirmative duty on the court to convert a motion to dismiss to a motion for summary judgment when evidentiary issues are implicated by the motion. The trial court erred when it failed to do so.
We might find that Crandall waived any error in the trial court's failure to convert the Defendant's motion. However, we would then be required to affirm or reverse the court's order of dismissal on the correctness of the conclusions which the court reached. That would draw us into the very same error of resolving issues of fact on a record that is inadequate to that exercise. We decline to do so.
We find that the trial court abused its discretion when it failed to convert the Defendant's motion to dismiss to a motion for summary judgment, as Civ.R. 12(B) requires in this circumstance. Therefore, Crandall's first assignment of error is sustained on that basis.
SECOND ASSIGNMENT OF ERROR
 A. THE COURT ERRED IN FAILING TO FIND THAT APPELLEES WERE ESTOPPED FROM DENYING APPELLANT A FAIR HEARING COMPORTING WITH THE REQUIREMENTS UNDER THE LAW.
 B. THE COURT ERRED IN FINDING THAT APPELLANT DID NOT PRESENT FACTS TO SUPPORT HIS POSITION THAT HE HAS EITHER A PROPERTY OR LIBERTY INTEREST IN CONTINUED EMPLOYMENT.
 C. APPELLANTS FACTS AND EVIDENCE DEMONSTRATED THAT HE WAS DENIED DUE PROCESS AND OTHER GUARANTEED RIGHTS DURING HIS HEARING; THEREFORE THIS COURT MUST REVERSE.
 1. THE FAIRBORN CHARGER AND ITS PERSONNEL RULES AND REGULATIONS REGARDING THE MINIMUM DUE PROCESS REQUIREMENTS FOR A HEARING WERE NOT MET.
 2. APPELLANT PROFFERED FACTUAL AND EVIDENTIARY SUPPORT, WHEN EVALUATED IN THE LIGHT MOST FAVORABLE TO HIM, EVIDENCING THAT HE WAS ENTITLED TO A SECTION 2506 APPEAL FROM THE QUASI-JUDICIAL TERMINATION PROCEEDING WHEREIN HE WAS DENIED DUE PROCESS.
 D. THE LOWER COURT ERRED IN FINDING THAT APPELLANT WAS AN UNCLASSIFIED EMPLOYEE AND/OR WAS NOT ENTITLED TO DUE PROCESS REQUIREMENTS OR EQUAL PROTECTION.
 E. THE LOWER COURT ERRED IN FINDING THAT A PUBLIC EMPLOYEE IS NOT ENTITLED TO RECEIVE GARRITY WARNINGS PRIOR TO AN INVESTIGATION INTO HIS JOB RELATED CONDUCT.
 F. APPELLANT HAS A LEGAL RIGHT TO ESTABLISH IF HIS DISCHARGE WAS CONTRARY TO PUBLIC POLICY; IF SO APPELLANT WAS ENTITLED TO REINSTATEMENT AS A MATTER OF LAW, BEFORE ANY REVIEW OF HIS ADMINISTRATIVE APPEAL.
This assignment of error and the arguments presented in support of it concern the trial court's dismissal of Crandall's R.C. 2506.01 appeal of his discharge from employment on a finding that he is not entitled to that review because his position was in the unclassified service.
Seizing on the statements in Crandall's complaint that he "was a non-classified employee, non-civil service, and was not entitled to" administrative review of his discharge, and that he "was a supervisory employee in the Garage Maintenance Department," the Defendants moved to dismiss his R.C. 2506.01 appeal. The Defendants cited a number of precedents which hold that unclassified employees have no right of appeal under R.C. 2506.01.
Article IV, Section 4.02(C)(1) of the Charter of the City of Fairborn defines what employment positions are in the City's unclassified service. Division (d) identifies, inter alia, "heads of departments, divisions and agencies and their principal assistants." Defendants argued that the allegations in his complaint put Crandall in these categories.
An appointing authority cannot deny employees their right to a review of their removal from positions merely by declaring them to be unclassified. Lewis v. Fairborn (1997), 124 Ohio App.3d 292. Further, in construing provisions which identify positions in the unclassified service according to general descriptive terms, a reviewing court must determine whether a particular position from which an employee was discharged reasonably falls among them. Id.
The allegations in Crandalls' complaint may mean no more than he was an employee of the City of Fairborn with supervisory responsibilities who had been placed in the unclassified service by the appointing authority of the City. In that event, and without more facts, he might not be "unclassified" for purposes of R.C. 2506.01. An evidentiary inquiry is required to make that determination. Therefore, the trial court could not resolve the question on the basis of Civ.R. 12(B)(6).
The trial court erred when it granted the Defendant's motion, dismissing Crandall's appeal from his termination of employment. The second assignment of error is sustained on that basis.
 Conclusion
Having sustained Crandalls' assignments of error on the basis stated above, and no other, we will reverse the judgment from which this appeal was taken and remand the matter for further proceedings.
BROGAN, J. and YOUNG, J., concur.