ROBINSON, Appellant,

v.

SPRINGFIELD LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellee.

[Cite as *Robinson v. Springfield Local School Dist. Bd. of Edn.* (2001), 144 Ohio App.3d 38.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20186.

Decided June 6, 2001.

*James E. Melle* and *Scott F. Sturges*, for appellant.

*James A. Budzik* and *Jeffrey C. Miller*, for appellee.

---

BAIRD, Presiding Judge.

Jerry Robinson appeals from the judgment of the Summit County Court of Common Pleas, which affirmed the decision of the Springfield Local School District Board of Education to terminate Robinson's employment.

## I

Robinson was employed for over ten years as a custodian by the Springfield Local School District Board of Education ("the board"). Beginning in January 1997, the board's business manager wrote up Robinson for various job infractions. On several occasions Robinson was reprimanded and suspended without pay for the alleged infractions.

On January 6, 1998, the principal of the high school, Dr. Richard Currie, sent Robinson a letter notifying him that the board was considering terminating his employment. The letter alleged that Robinson failed to properly complete an assigned job of painting a restroom floor in December 1997. The letter advised Robinson that the board's business manager "or his designee" would hold a pretermination hearing on January 9, 1998, and that Robinson would have the opportunity to present his side of the story. Robinson and his coworker Don Hill attended the meeting with Superintendent Dr. Tucker Self and the board's business manager Don. Laskos. No record was made of the pretermination hearing. Robinson submitted a note stating that he believed that he was being fired in retaliation for his testimony in support of a coworker in that individual's termination hearing several years earlier.

Following the pretermination hearing, Dr. Self recommended to the board that it should terminate Robinson's employment for dereliction of duty, theft, misuse of school property, and falsification of work records. Dr. Self allegedly advised Robinson that he would not be able to address the board concerning the allegations against him. Robinson attended a scheduled public board meeting on January 13, 1998, where his termination was on the agenda. During the meeting, the board moved to meet in executive session to discuss Robinson's termination. After the recess for the executive session, the board resumed its public meeting and by a 4–1 vote passed a resolution to terminate Robinson's employment.[1] The board sent a copy of this resolution to Robinson.

On January 20, 1998, Robinson filed an administrative appeal to the Summit County Court of Common Pleas, pursuant to R.C. 3319.081. R.C. 3319.081 provides that nonteaching public school employees may be terminated only for cause. The statute also provides that a terminated employee must file a notice of appeal to the court of common pleas ten days after receiving the termination notice. In response to Robinson's praecipe for the record, the board, through its attorney, filed with the common pleas court copies of letters and memoranda containing the alleged job infractions,[2] as well as Dr. Self's recommendation for termination, and the board's resolution of termination. Robinson made several motions to the common pleas court to strike the record and to permit him to present additional evidence, pursuant to R.C. 2506.03, because he had not been allowed to present or cross-examine witnesses before the board. The common pleas court partially granted Robinson's motions for additional evidence, allowing

---

1. A videotape of the board meeting and a transcript of the meeting shows only that the board met, recused itself to meet in executive session, then returned to vote on a written resolution whose content was not read or described in any manner.

2. Virtually all of the memoranda addressing Robinson's job deficiencies were authored by the board's business manager, Mr. Laskos.

him to file affidavits in support of his position. Based upon the board's transcript of its record and the additional affidavits, the common pleas court determined that the board had afforded Robinson due process and that the board's decision to terminate him was supported by substantial, reliable, and probative evidence. Robinson filed the instant appeal, assigning two errors.

■ This court first notes that Robinson filed his appeal pursuant to R.C. 3319.081(C), not pursuant to R.C. Chapter 2506. However, the Ohio Supreme Court, reviewing a similar statutory provision in R.C. 3319.11 allowing appeal from an employment decision by a school board, determined that where the statute does not provide the procedure to be used on appeal, the procedure to be used is that provided by R.C. Chapter 2506. *Kiel v. Green Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 149, 630 N.E.2d 716, paragraph one of the syllabus.

Because the procedure on appeal is provided by R.C. Chapter 2506, the scope of our review is limited. The Ohio Supreme Court recently revisited the appropriate review of an administrative decision pursuant to R.C. Chapter 2506. The court noted:

"The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.

"The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is * * * 'a more limited power * * * to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court. * * * Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.'" (Internal citations omitted.) *Henley v. Youngstown* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433, 438.

With this standard of review in mind, we turn to Robinson's assignments of error.

## II

First Assignment of Error:

"The common pleas court erred in finding that appellee's decision to terminate appellant was constitutional and legal."

Robinson's first assignment of error has five subparts, asserting that (1) he did not have a pretermination hearing, in violation of his due process rights; (2) the common pleas court erroneously concluded that he had an opportunity to present evidence before the board; (3) the common pleas court erroneously denied him a hearing pursuant to R.C. 2506.03; (4) the common pleas court incorrectly stated that there were no assignments of error on appeal; and (5) the common pleas court erroneously denied him discovery in accord with the Civil Rules. Robinson has not even argued that he was prejudiced by issue (4), and we will disregard it. The remaining arguments will be addressed together.

### A: Due Process and *Loudermill*

Robinson's employment situation is governed R.C. 3319.081, which permits nonteaching employees to be terminated only for cause. The statute provides:

"[An employee] may be terminated only for violation of written rules and regulations as set forth by the board of education or for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance." R.C. 3319.081(C).

The statute does not specifically provide for a hearing on the matter prior to termination. Rather, it requires a terminated employee to file an appeal to the common pleas court within ten days of the notice of termination.

The United States Supreme Court outlined the requisite due process standard for termination of statutory employees in *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. The court in *Loudermill* concluded that property interests involved in continued employment " 'are created and their dimensions are defined by existing rules * * * that stem from an independent source such as state law.' " *Id.* at 538, 105 S.Ct. at 1491, 84 L.Ed.2d at 501, quoting *Bd. of Regents v. Roth* (1972), 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561. The Supreme Court held that when a statute creates such a property right in continued employment, the employee must be afforded some sort of "pretermination opportunity to respond" to allegations justifying his termination. *Id.* at 542, 105 S.Ct. at 1493, 84 L.Ed.2d at 504.

The court noted that because the government has a vital interest in an expeditious termination process, " 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." *Id.* at 545, 105 S.Ct. at 1495, 84 L.Ed.2d at 506, quoting *Mathews v. Eldridge* (1976), 424 U.S. 319, 343, 96 S.Ct. 893, 907, 47 L.Ed.2d 18, 38. The court held that the requisite due process has been afforded when, prior to termination, the employee has the "opportunity to present reasons, either in person or in writing, why proposed action should not be taken" after the person has received "oral or written notice of the charges

against him, [and] an explanation of the employer's evidence." *Id.* at 546, 105 S.Ct. at 1495, 84 L.Ed.2d at 506.

Here, Robinson's assertion of lack of proper notice of the hearing is not well taken. Robinson was advised by Dr. Currie that the board was contemplating his termination for his failure to do his assigned job duties from December 17 through 21, 1997. Prior to this, the board's business manager sent written notices of disciplinary action to Robinson, each of which advised him that further infractions would warrant more severe penalties. Given the record before the court of common pleas, it is clear that the notice of the pretermination hearing provided Robinson with sufficient notice of the allegations against him, so that he could prepare a statement of his side of the story.

Robinson also complains that there was no recording of the pretermination hearing. However, the Supreme Court stated in *Loudermill* that the "formality and procedural requisites for the [pretermination] hearing can vary." *Id.* at 545, 105 S.Ct. at 1495, 84 L.Ed.2d at 506, quoting *Boddie v. Connecticut* (1961), 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113, 119. Thus, Robinson's challenge to the pretermination hearing is overruled.

Next, Robinson argues that the common pleas court erroneously found that he was afforded a hearing before the board, either before or after his termination. The Supreme Court in *Loudermill* concluded that a minimal opportunity to be heard at a pretermination hearing is sufficient where the employee is entitled to a full evidentiary hearing post-termination, either by an administrative agency or upon further administrative appeal. *Id.* at 547, 105 S.Ct. at 1496, 84 L.Ed.2d at 507, fn. 12. Robinson argues that he was not afforded a hearing before the board; R.C. 3319.081 does not provide him with the right to a post-termination hearing; and when the court of common pleas refused to afford him a hearing on appeal, he was effectively denied due process. We now turn to the substance of the record before the court of common pleas to address this issue.

### B. The Record in an Appeal under R.C. Chapter 2506

The Ohio Supreme Court visited this issue in *Ohio Assn. of Pub. School Emp., AFSCME, AFL–CIO v. Lakewood City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 175, 624 N.E.2d 1043, where a dismissal pursuant to R.C. 3319.081 was followed by an arbitration hearing. There the court found that a dismissed employee is entitled to due process at a post-termination hearing. *Id.* at paragraph one of the syllabus. One of the due process requirements recognized by the court was the opportunity to confront and cross-examine witnesses. *Id.* at 176–178, 624 N.E.2d at 1044–1046. The court pointed out that although *Loudermill* primarily addressed the issue of minimal due process at the pretermination hearing, a more thorough hearing is required in order to "'ferret out bias,

pretext, deception and corruption by the employer in discharging the employee.' " *Id.* at 178, 624 N.E.2d at 1046, quoting *Duchesne v. Williams* (C.A.6, 1988), 849 F.2d 1004, 1008. The court found that this can be accomplished only by "the employment of at least some trial-type procedures." *Id.* "A party is entitled to a meaningful opportunity to challenge the adverse evidence." *Id.* at 179, 624 N.E.2d at 1047.

R.C. 3319.081 itself does not provide for any hearing either before or after termination. The statute merely provides that a terminated employee may appeal to the court of common pleas within ten days. The mechanism for that appeal is R.C. 2506.01 *et seq.* The lack of an administrative hearing may be remedied in an appeal to the court of common pleas, pursuant to R.C. 2506.03. The statute provides:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

"(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;

"(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:

"(a) Present his position, arguments, and contentions;

"(b) Offer and examine witnesses and present evidence in support;

"(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;

"(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;

"(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

"(3) The testimony adduced was not given under oath;

"(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;

"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from.

"If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party." R.C. 2506.03.

On March 13, 1998, Robinson filed a motion to strike the record because it did not contain all the evidence submitted by him, it did not contain a certified copy of the docket and journal entries, and the board's transcript did not contain conclusions of fact. See R.C. 2506.03(A)(1) and (5). Robinson also moved the court to order the board to reinstate him. Robinson argued that because of the deficiencies in the record, there was not substantial, reliable, and probative evidence to support his dismissal. The court denied Robinson's motion.

On June 26, 1998, Robinson moved the court for additional evidence and a conference on this matter. Robinson again asserted that he had never been able to appear before the board to state his case or to call or cross-examine witnesses. On September 21, 1998, the court held a hearing on Robinson's motion and ordered Robinson to brief the scope of the court's review in an appeal pursuant to R.C. Chapter 2506, where the record of the administrative agency is insufficient. Robinson argued that the court could either reverse the board's decision as unsupported by competent evidence or hold a hearing pursuant to R.C. 2506.03 because there was no hearing held below.

On October 5, 1998, Robinson filed a motion for a conference pursuant to Summit Common Pleas Court Loc.R. 19.04, governing administrative appeals, and for additional evidence pursuant to R.C. 2506.03. On November 4, 1998, the common pleas court found that Robinson was entitled only to a pretermination hearing pursuant to *Loudermill.* However, the court concluded that because there was no transcript of the pretermination hearing, the court could not determine whether Robinson had been afforded the opportunity to present or cross-examine witnesses. The transcript of the board meeting indicated that Robinson had not been afforded an opportunity to call witnesses before the board. The court concluded that the record of the proceedings was incomplete and ordered that Robinson file documents, affidavits, and depositions as additional evidence. However, when Robinson sought to compel discovery, including the opportunity to depose board personnel, the court denied his motion. On December 29, 1998, the court decided that no circumstances existed that warranted further discovery, and the court denied Robinson's request for discovery.

Robinson then filed affidavits from two coworkers, himself, and his wife. The coworkers averred that Robinson did complete the painting job in December 1997. They also averred that Robinson did not steal tomato stakes from a

storage area as alleged but removed them from the trash. The court rendered its decision based on the transcript and additional affidavits filed in the court.

R.C. 2506.03 provides that the appellant will be allowed to "call, as if on cross-examination, any witness who previously gave testimony in opposition to such party." It is undisputed that there was no testimony before the board, and that Robinson was not permitted to call or cross-examine the persons who submitted negative reports about Robinson's job performance. Where an appellant files an affidavit stating that there were deficiencies in the hearing on which the administrative decision is based, the court of common pleas must consider this and afford the appellant a hearing to correct the deficiencies outlined in R.C. 2506.03. See *Dawson v. Richmond Hts. Local School Bd.* (1997), 121 Ohio App.3d 482, 487, 700 N.E.2d 359, 362–363 (when appellant's affidavit accurately alleges R.C. 2506.03 infirmities in the administrative hearing, the common pleas court must hold a hearing); *Dvorak v. Mun. Civ. Serv. Comm.* (1976), 46 Ohio St.2d 99, 104, 75 O.O.2d 165, 167, 346 N.E.2d 157, 160; *Neague v. Worthington City School Dist.* (1997), 122 Ohio App.3d 433, 442–443, 702 N.E.2d 107, 113–114. It is clear that Robinson properly notified the common pleas court of the infirmities of the record and the process before the board. The only remaining issue is whether Robinson, in asserting his due process rights, sought the proper relief, namely a hearing in which he could call and cross-examine witnesses.

In his motion of March 13, 1998, Robinson did not seek to have a hearing to call or cross-examine witnesses. Rather, he sought to have his termination vacated because the record was deficient. Robinson's June 26, 1998 motion sought to hold a conference and for undisclosed additional evidence. His October 5, 1998 motion asked for a discovery conference and for leave to depose the superintendent. On November 4, 1998, the court determined that Robinson was entitled to submit additional evidence, including affidavits, documents, and depositions. In response Robinson sought extensive discovery and for an extension of time for filing additional evidence. Robinson continued to request discovery, although he has not demonstrated either to the common pleas court or to this court the appropriateness or necessity of discovery in his case. He has cited no authority establishing that the rules of discovery apply to an administrative appeal under R.C. Chapter 2506.

At no time did Robinson ask the court to hold a hearing at which Robinson could call any defense witnesses and cross-examine the few board employees who were involved in his discipline, namely the business manager and the superintendent. Although Robinson clearly outlined the deficiencies in the record, he failed to seek an appropriate remedy available under R.C. 2506.03. Having failed to seek the proper remedy from the lower court, he cannot now be heard to complain that he was denied his due process rights. See *Sancho v. Sancho*

(1996), 114 Ohio App.3d 636, 641–642, 683 N.E.2d 849, 852–853 (where appellant's counsel proceeded with hearing on contempt charge despite a deficiency in the due process established by statutory scheme, appellant is deemed to have waived the due process right).

Robinson's first assignment of error is not well taken, and it is overruled.

## III

Second Assignment of Error:

"The common pleas court erred in finding that appellee's decision to terminate appellant was supported by a preponderance of reliable, probative and substantial evidence."

Robinson challenges the lack of evidence to support the board's decision. Robinson argues that the record as certified to the common pleas court consists only of unauthenticated documents. However, the Ohio Supreme Court has held that "Evid.R. 101(A) does not mention administrative agencies as forums to which the Rules of Evidence apply." *Orange City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1995), 74 Ohio St.3d 415, 417, 659 N.E.2d 1223, 1224. The administrative agency is not required to comply with the Rules of Evidence. *Id.* Thus, we find unpersuasive Robinson's challenge to the quality of the evidence before the board. We now turn to the evidence before the common pleas court.

The record certified by the board contained documents alleging earlier infractions of his job responsibilities that Robinson did not challenge, and for which Robinson was disciplined. One of the documents advised Robinson that because of his pattern of infractions, any further infraction could lead to his dismissal. Another document was a subsequent memo from business manager Laskos to Robinson, stating that Robinson failed to paint a restroom floor, as assigned, during the period December 17–21, 1997. Laskos's memorandum stated:

"In the time span [December 17, 1997 through December 21, 1997], which includes Wednesday, Thursday, Friday, 10 hours on Saturday, 12 hours on Sunday and an 8 hour shift on Monday morning, you failed to perform your duties which included painting a restroom floor. You asked on Wednesday for help so that the floor could be done. Given this many hours this task should have been completed. I view this as inefficiency and a dereliction of duties."

Against this evidence, Robinson filed with the common pleas court affidavits disputing the allegations of theft and his failure to perform his job. Robinson filed an affidavit from another custodian, James Lewis, which stated, "Jerry Robinson painted the students' restrooms floors at Springfield High School during the 1997 Christmas break. After Christmas, 1997, Jerry Robinson was on

vacation * * *." Robinson filed an affidavit signed by his wife Monica, stating that she and Robinson were on their honeymoon from Friday, December 26, 1997, to January 3, 1998. Robinson filed his own affidavit, which stated, "I painted the students' restrooms floors at the Springfield High School during the period December 17, 1997, through December 21, 1997."

The common pleas court had before it conflicting statements about Robinson's performance of his duties. However, Robinson's statement that he completed the painting does not address whether he requested and received additional help to do so, as Laskos alleged.

Furthermore, throughout the appeal in the common pleas court, the board asserted that Robinson never presented any evidence to contradict the allegations against him at his pretermination hearing. Robinson does not dispute this assertion. Although not required to present any defense at the pretermination hearing, Robinson's failure to raise a simple defense that he did timely complete the painting job raises questions. The *Loudermill* pretermination hearing is designed for this very situation, where a clearly erroneous allegation, if not dispelled immediately, will result in an improper termination. Certainly, at his pretermination hearing, Robinson knew whether he completed the painting job in a timely manner. If Robinson had completed the job appropriately, he should have asserted this defense in a timely manner to avoid discharge altogether, even if he believed that his discharge would ultimately be reversed on further appeal. The fact that Robinson failed to assert such a clear defense initially could justify the decision by the common pleas to discount his affidavit, which belatedly asserts this defense.

The limited scope of our review does not include the authority to weigh the evidence. See *Henley*, 90 Ohio St.3d at 147, 735 N.E.2d at 437–438. This court cannot conclude that, given the evidence before it, the common pleas court erred as a matter of law in affirming the board's decision to terminate Robinson's employment.

Robinson's second assignment of error is not well taken and it is overruled.

## IV

Having overruled both assignments of error, we affirm the judgment of the court of common pleas.

*Judgment affirmed.*

WHITMORE, J., concurs.

CARR, J., dissents.

CARR, Judge, dissenting.

Because Jerry Robinson was denied procedural due process, I respectfully dissent from the majority's disposition of Robinson's first assignment of error.

The majority correctly notes:

"[T]he requisite due process has been afforded, when, prior to termination, the employee has the 'opportunity to present reasons, either in person or in writing, why proposed action should not be taken' after the person has received 'oral or written notice of the charges against him, [and] an explanation of the employer's evidence.'" *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494, 506.

However, *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 546, 105 S.Ct. 1487, 1495–1496, 84 L.Ed.2d 494, 506, concerned only the due process required to be afforded to an employee *prior* to termination. The "pretermination opportunity to respond" is simply an initial check against mistaken decisions. *Id.* at 545, 105 S.Ct. at 1495, 84 L.Ed.2d at 506. A full evidentiary hearing is not required at the pretermination stage. *Id.* Rather, "'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action[.]" *Id. Loudermill* did not determine that the only due process required to be afforded to an employee is the "pretermination opportunity to respond." To the contrary, the United States Supreme Court stated that its decision was based in part upon "the provisions in Ohio law for a full post-termination hearing." *Id.* at 543, 105 S.Ct. at 1495, 84 L.Ed.2d at 504.

R.C. 3319.081, the statute which governs Robinson's termination, does not provide for a hearing on the matter, but rather grants a terminated employee the right to appeal the decision to a court of common pleas. Accordingly, based on *Loudermill,* if the terminated employee was not afforded a full post-termination hearing by the board or through some other mechanism such as arbitration, such a hearing must be held in the common pleas court. See *id.* See, also, *Ohio Assn. of Pub. School Emp., AFSCME, AFL–CIO v. Lakewood City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 175, 624 N.E.2d 1043 (recognizing that a more thorough post-termination hearing is required to satisfy the procedural due process requirements of a terminated public employee, but stating that there are no express procedural due process mandates in a post-termination hearing). This is especially true in this case where the government action turned on purely questions of fact—whether Robinson committed the acts of which he was accused.

As stated in *Williams v. Dollison* (1980), 62 Ohio St.2d 297, 299, 16 O.O.3d 350, 351, 405 N.E.2d 714, 716:

"Due process of law implies, in its most comprehensive sense, the right of the person affected thereby to be present before the tribunal which pronounces

judgment upon a question of life, liberty or property, to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. If any question of fact or liability be conclusively presumed against him, such is not due process of law."

Robinson was clearly not afforded due process of law, as the trial court conclusively presumed every material fact against him. The trial court wrote:

"The facts leading up to Robinson's termination and the reasons behind his termination are highly disputed by the parties in this case. However, pursuant to [R.C.] 2506.04, the standard of review to be applied by this Court in the review of an administrative appeal is whether the decision of the administrative entity was unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by a preponderance of reliable, probative and substantial evidence in the record."

The court permitted Robinson to submit affidavits, which rebutted the board's allegations. However, looking to the allegations set forth against Robinson, the court concluded: "Based on the record and documentation before it, the Board could have found that Robinson engaged in a pattern and practice of egregious misconduct and failed to properly perform work assignments as required." Thus, Robinson was never permitted to " 'ferret out bias, pretext, deception and corruption by the employer in discharging' " him. *AFSCME, supra,* at 178, 624 N.E.2d at 1046, quoting *Duchesne v. Williams* (C.A.6, 1988), 849 F.2d 1004, 1008.

In determining that Robinson was not entitled to a hearing, the majority lays out the steps Robinson took on appeal to the common pleas court: (1) on March 13, 1998, he filed a motion to strike the record, as it did not contain all the evidence he had submitted; (2) Robinson moved the court to order the board to reinstate him; (3) on June 26, 1998, Robinson moved the court for additional evidence and a conference on the matter. The majority notes that, at the conference held pursuant to Robinson's June 26, 1998 motion, "Robinson again asserted that he had never been able to appear before the board to state his case, or to call or cross-examine witnesses." Rather than addressing Robinson's claim that he was never given his due process rights, the trial court "ordered Robinson to brief the scope of the court's review in an appeal pursuant to R.C. Chapter 2506, where the record of the administrative agency is insufficient." In response, Robinson asserted that the court could reverse the decision, or hold a hearing because a hearing had never been held.

The majority lists additional steps Robinson took with respect to his appeal. However, it is not necessary to continue to list them. My point is to show that although the majority recognizes that Robinson repeatedly asserted that he had been denied his right to a fair hearing, the majority concludes that Robinson failed to properly articulate his request. A discharged employee who possesses a

property right in continued employment should not have to overcome such a weighty burden in order to be afforded his constitutional right.

Accordingly, I would sustain Robinson's first assignment of error and reverse.