DURHAM, Appellee and Cross–Appellant,

v.

PIKE COUNTY JOINT VOCATIONAL SCHOOL
et al., Appellants and Cross–Appellees.

[Cite as *Durham v. Pike Cty. Joint Vocational School*,
150 Ohio App.3d 148, 2002-Ohio-6300.]

Court of Appeals of Ohio,
Fourth District, Pike County.

No. 01CA679.

Decided Nov. 13, 2002.

James K. Stucko Jr., for appellants and cross-appellees.

David M. Bidwell, for appellee and cross-appellant.

---

KLINE, Judge.

{¶ 1} The Pike County Joint Vocational School and Pike County Joint Vocational School District Board of Education ("school board") appeal from the Pike County Court of Common Pleas' decision finding that Charla Durham's termination from employment is void ab initio because she did not receive the opportunity to cross-examine witnesses against her prior to her termination. The school board contends first that the trial court erred in considering Durham's right to cross-examine witnesses because Durham did not raise that issue until she filed her reply brief below. Because our review of Durham's initial brief and affidavit to the trial court reveals that Durham raised the issue of due process, including her right to cross-examine witnesses, we disagree. The school board next contends that Durham was not entitled to cross-examine witnesses prior to her termination, so the trial court's disaffirmance on those grounds constitutes error as a matter of law. We agree in part because no right to cross-examination of witnesses exists for a pretermination hearing. However, we decline to reinstate the termination, because the trial court should have held a post-termination hearing in accordance with R.C. 2506.03 and 3319.081. Instead, we remand this cause and order the trial court to conduct a hearing at which Durham may cross-examine witnesses. On cross-appeal, Durham asserts that the trial court erred in declining to award her back pay. Based upon our determination that the trial court erred in voiding her termination, we find that Durham's only assignment of error is moot. Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

I

{¶ 2} The school board employed Durham in its fiscal office as a nonteaching employee, a position governed by R.C. 3319.081. During the regular course of her duties, Durham had daily access to the school board's computer and payroll records.

{¶ 3}  On March 9, 2001, Durham accessed the payroll records and deleted her prior direction that additional federal income taxes ($30) be withheld from her pay each week.  After the school board's treasurer discovered this action, Superintendent Rick Delaney sent Durham a letter informing her that he was considering recommending the termination of her employment contract based upon her "inappropriate use and access of the computer system * * * on or about March 9, 2001."

{¶ 4}  Delaney delivered the letter on May 15, 2001, and informed Durham that she would have an opportunity to defend herself on May 17, 2001, at 10:00 a.m. The letter stated that if Durham wished to bring a representative to the meeting, she must notify Delaney by May 16, 2001.

{¶ 5}  Durham arrived at the meeting without representation.  When made aware of the specific actions that Delaney deemed inappropriate, Durham admitted to changing her tax withholdings.  Durham asserted that Assistant Treasurer Janet Bobst had authorized her to make those changes.  In response, Delaney told Durham that Bobst had not authorized the changes.  He denied Durham's request to allow Durham to question Bobst regarding whether she had given Durham authorization.

{¶ 6}  Later that evening, the school board terminated Durham based upon Delaney's recommendation.  Durham timely appealed her termination to the trial court in accordance with R.C. 3319.081 and 2506.03, seeking reinstatement and back pay.  In her brief, Durham argued that the school board terminated her without due process.  Durham submitted an affidavit to the trial court, stating that prior to her termination she was not provided with adequate notice or permitted the opportunity to present her position, offer evidence, and examine or cross-examine witnesses.

{¶ 7}  The school board argued before the trial court that it provided Durham with adequate due process prior to terminating her employment.  In a reply brief, Durham again asserted that she did not receive due process, and discussed in greater detail the manner in which she was deprived of due process, including lack of notice, lack of access to counsel, and lack of the right to cross-examine witnesses against her.

{¶ 8}  The trial court determined that the school board deprived Durham of her due process rights by denying her the right to cross-examine witnesses.  Therefore, the trial court declared Durham's termination to be void ab initio and disaffirmed it.  The trial court did not award back pay to Durham.

{¶ 9}  The school board appeals, asserting the following assignments of error: "I. The Common Pleas Court erred when it based its Judgment Entry on an argument raised by Appellee in her Reply Brief[;] II. The Common Pleas Court

erred when it determined that Appellant violated Appellee's due process rights by not permitting Appellee to cross-examine a witness at her pretermination hearing."

{¶ 10}  Durham cross-appeals, asserting the following assignment of error: "The Court below erred in disaffirming the Cross–Appellant's removal as a non-teaching employee of Cross–Appellee without awarding her back pay for fringe benefits and salary lost until reinstatement occurs."

## II

{¶ 11}  In its first assignment of error, the school board asserts that the trial court erred in basing its decision upon an argument raised by Durham for the first time in her reply brief.

{¶ 12}  Pursuant to App.R. 16(C), reply briefs are to be used only to rebut arguments raised in the appellee's brief.  An appellant may not use a reply brief to raise new issues or assignments of error.  *Sheppard v. Mack* (1980), 68 Ohio App.2d 95, 97, 22 O.O.3d 104, 427 N.E.2d 522, fn. 1.

{¶ 13}  Our review of the record in this case reveals that Durham did not raise new arguments in her reply brief.  Durham asserted in her original brief to the trial court that she was not afforded her due process rights when she was terminated from employment.  Durham's brief also references her attached affidavit, in which Durham averred "[t]hat she was not permitted to appear and to be heard * * * and further was not allowed to [A.] Present her position, argument, and contentions; [B.] Offer and examine witnesses and present evidence in support; [C.] Cross-examine witnesses purporting to refute her position, arguments, and contentions * * *."  In its response, the school board argued that Durham was afforded the essential elements of due process, notice, and the opportunity to respond.  Durham argued in her reply brief that she did not receive the opportunity to respond, in part because she was not permitted to cross-examine witnesses.

{¶ 14}  We find that the argument that Durham was not allowed to cross-examine witnesses falls clearly within the scope of her primary argument, that she was denied due process in the termination of her employment.  Consequently, we find that the trial court did not err in considering Durham's affidavit and arguments regarding cross-examination of witnesses.

{¶ 15}  Accordingly, we overrule the school board's first assignment of error.

## III

{¶ 16}  In its second assignment of error, the school board contends that the trial court erred in declaring its decision to terminate Durham to be void ab

initio. For reasons different from those raised in the school board's assignment of error, we agree. However, contrary to the school board's request, we decline to reinstate its termination of Durham. Instead, for the reasons that follow, we remand this matter to the trial court to hold a hearing reviewing Durham's termination in accordance with R.C. 2506.03.

{¶ 17} R.C. 3319.081 governs the termination of non-teaching employees of a local school board. *Proctor v. Alliance Pub. School Dist. Bd. of Edn.* (1978), 60 Ohio App.2d 396, 14 O.O.3d 418, 398 N.E.2d 805, fn. 2. Because R.C. 3319.081 does not set forth specific procedures for appeal, the trial court must follow the procedures set forth in R.C. Chapter 2506 to conduct the appeal. *Robinson v. Springfield Local School Dist. Bd. of Edn.* (2001), 144 Ohio App.3d 38, 42, 759 N.E.2d 444.

{¶ 18} R.C. 2506.03 provides:

{¶ 19} "(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

{¶ 20} "(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;

{¶ 21} "(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:

{¶ 22} "(a) Present his position, arguments, and contentions;

{¶ 23} "(b) Offer and examine witnesses and present evidence in support;

{¶ 24} "(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;

{¶ 25} "(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;

{¶ 26} "(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

{¶ 27} "(3) The testimony adduced was not given under oath;

{¶ 28} "(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;

{¶ 29} "(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from;

{¶ 30}  *"If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party.  At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."*  (Emphasis added.)

{¶ 31}  Thus, R.C. 2506.03 specifically provides that if an appellant was not permitted to appear at the administrative level and allowed to present arguments, offer and examine or cross-examine witnesses or present evidence, and do all such other things customarily allowed by due process, the court "shall hear the appeal upon the transcript and such additional evidence as may be introduced by the party."  *Lewis v. Fairborn* (1996), 116 Ohio App.3d 602, 604, 688 N.E.2d 1082, quoting R.C. 2506.03.  See, also, *Robinson* at 47, 759 N.E.2d 444 ("Where an appellant files an affidavit stating that there were deficiencies in the hearing on which the administrative decision is based, the court of common pleas must consider this and afford the appellant a hearing to correct the deficiencies outlined in R.C. 2506.03.").

{¶ 32}  In this case, Durham was not permitted to cross-examine the primary witness against her.  The trial court held that Durham's termination was void ab initio based upon the school board's failure to afford her due process prior to her termination.

{¶ 33}  The school board correctly argues that the trial court erred, because no right to confrontation and cross-examination attaches to a *pretermination* hearing of a public employee.  See *OAPSE, AFSCME v. Lakewood City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 175, 177, 624 N.E.2d 1043, citing *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494.  However, in *OAPSE* and *Loudermill,* the courts recognized that public employment constitutes a property right that cannot be taken without some measure of due process.  The *OAPSE* and *Loudermill* courts based their determination that the state of Ohio could deny the right to cross-examination in a *pretermination* hearing in large part upon the fact that Ohio statutory law provides terminated employees' with the opportunity for more thorough *post-*termination hearings.  *OAPSE* at 178, 624 N.E.2d 1043, citing *Loudermill* at 546–547, 105 S.Ct. 1487, 84 L.Ed.2d 494.  Thus, a terminated public employee possesses the right to cross-examine witnesses.[1]  *OAPSE* at paragraph two of the syllabus.  The state may constitutionally delay that right until the post-termination hearing.  See id.

---

1.  The right to cross-examine does not necessarily include a right to face-to-face confrontation.  *OAPSE* at paragraph two of the syllabus.

{¶ 34} In this case, Durham did not receive the opportunity to cross-examine witnesses prior to her termination. We agree with the school board's assertion that it was not required to permit Durham to cross-examine witnesses in a pre-termination hearing. However, consistent with *OAPSE* and *Loudermill*, Durham possesses a right to cross-examine witnesses in a post-termination hearing. Moreover, pursuant to R.C. 2506.03, the trial court was required to hold a hearing and permit Durham to cross-examine witnesses after Durham filed an affidavit notifying the trial court of the deficiencies in her pretermination hearing. See *Robinson* at 47, 759 N.E.2d 444; *Lewis* at 604, 688 N.E.2d 1082.

{¶ 35} Thus, we find that the trial court erred when it declared Durham's termination to be void ab initio. Instead, the trial court should have scheduled a hearing to permit Durham to cross-examine witnesses and present evidence. Accordingly, we sustain the school board's second assignment of error.

## IV

{¶ 36} In her only assignment of error on cross-appeal, Durham asserts that the trial court erred in not awarding back pay upon disaffirming her termination. However, because the trial court may or may not affirm her termination after conducting a hearing upon remand, the issue is presently moot. Accordingly, we decline to consider it pursuant to App.R. 12(A)(1)(c).

## V

{¶ 37} Based upon the foregoing, we overrule the school board's first assignment of error and find Durham's only assignment of error moot. Further, we sustain the school board's second assignment of error and remand this case to the trial court to conduct a hearing as required by R.C. 2506.03 in accordance with this opinion.

Judgment reversed
and cause remanded.

Evans and Harsha, JJ., concur.