OPINION
{¶ 1} Appellant, Doctors' Professional Association, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, State Employment Relations Board ("SERB"), which dismissed appellant's "Request for Recognition." For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On September 16, 2002, pursuant to R.C. 4117.05(A)(2) and Ohio Adm. Code 4117-3-01, appellant filed a request for voluntary recognition with SERB. Specifically, appellant requested that the Ohio Rehabilitation Services Commission ("RSC"), Bureau of Disability Determination ("BDD"), recognize the organization as the exclusive bargaining representative for the physicians and psychologists who serve as consultants for BDD. The request contended that BDD had "misclassified" the consultants as independent contractors.
 {¶ 3} On September 30, 2002, appellee Ohio Office of Collective Bargaining ("OCB"), which is representing BDD in this matter pursuant to R.C. 4117.10(D), filed an objection to appellant's request for recognition. By this objection, OCB contended that the proposed bargaining unit was not an appropriate unit within the meaning of R.C. 4117.06, and that the consultants were not public employees pursuant to R.C. 4117.01, but were independent contractors.
 {¶ 4} In October 2002, SERB requested each party in this matter to "provide a position statement regarding the independent contractor status of the employees requesting to be recognized * * *. Provide all pertinent facts and appropriate case law for this case." Subsequently, appellant and the state filed position statements with SERB.
 {¶ 5} On December 20, 2002, SERB dismissed appellant's request for voluntary recognition. In its order, SERB stated, "[b]ased on the information presented by both parties, the employees in question are not public employees, but independent contractors." (Dec. 20, 2002 SERB order, at 2.) Appellant appealed this decision to the Franklin County Court of Common Pleas.
 {¶ 6} On June 27, 2003, the trial court issued its decision regarding appellant's appeal from SERB. The trial court found that the SERB order was supported by reliable, probative, and substantial evidence, and was in accordance with law. The trial court accordingly affirmed SERB's order dismissing appellant's request for voluntary recognition and entered judgment on July 16, 2003. Appellant appeals from this judgment and asserts the following two assignments of error:
First Assignment of Error
The Common Pleas Court erred as a matter of law and/or abused its discretion by finding that State Employment Relations Board's dismissal of Doctors' Professional Association's petition for voluntary recognition under O.R.C. § 4117 was supported by reliable, substantial, and probative evidence.
Second Assignment of Error
The Common Pleas Court erred as a matter of law by failing to properly analyze the "right to control" test for determining "employee" status under O.R.C. § 4117.01(C).
 {¶ 7} Generally, SERB is an agency whose adjudications are made subject to judicial review pursuant to R.C. 119.12. SeeSouth Community v. State Emp. Relations Bd. (1988),38 Ohio St.3d 224, syllabus. More specifically, "except where specific appeal procedures are provided, such as R.C. 4117.13(D) (unfair labor practices) and R.C. 4117.23 (penalty for unlawful strike), or where appeals to a court are prohibited, such as R.C.4117.06(A) (determination of unit appropriate for collective bargaining purposes), the general provisions of R.C. 119.12
govern the appealability of an adjudication order issued by SERB." Ohio Historical Soc. v. State Emp. Relations Bd. (1990),48 Ohio St.3d 45, 46, citing South Community. These specific exceptions do not apply to the initial issue before SERB in this case of whether the consultants are public employees subject to R.C. Chapter 4117. See South Community, at 227.
 {¶ 8} Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record and determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 110-111; see, also, Andrews v. Bd. of LiquorControl (1955), 164 Ohio St. 275, 280.
 {¶ 9} The evidence required by R.C. 119.12 has been defined as follows:
(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true.
(2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue.
(3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571. (Footnotes omitted.)
 {¶ 10} An appellate court's standard of review in an administrative appeal is even more limited than that of a common pleas court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, rehearing denied, 67 Ohio St.3d 1439. In Pons, the Supreme Court of Ohio stated:
* * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment. * * *
Id., citing Lorain City School Dist. Bd. of Edn. v. State Emp.Relations Bd. (1988), 40 Ohio St.3d 257, 260-261.
 {¶ 11} Thus, in the case at bar, our review of the common pleas court's determination that SERB's order was supported by reliable, probative, and substantial evidence is limited to determining whether the trial court abused its discretion. We observe that "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.)Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} In an administrative appeal, an appellate court does have plenary review of purely legal questions. Big Bob's, Inc.v. Ohio Liquor Control Comm., 151 Ohio App.3d 498,2003-Ohio-418, at ¶ 15.
 {¶ 13} Preliminarily, we observe that "R.C. Chapter 4117 established a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." Franklin Cty. Law EnforcementAssn. v. Fraternal Order of Police, Capital City Lodge No. 9
(1991), 59 Ohio St.3d 167, 169. However, persons who are not public employees are not subject to the provisions of R.C. Chapter 4117. As the term is used in R.C. Chapter 4117, a "public employee" is defined as:
* * * any person holding a position by appointment or employment in the service of a public employer, including any person working pursuant to a contract between a public employer and a private employer and over whom the national labor relations board has declined jurisdiction on the basis that the involved employees are employees of a public employer * * *.
R.C. 4117.01(C).[1]
 {¶ 14} As stated above, appellant requested voluntary recognition under R.C. 4117.05(A)(2) and Ohio Adm. Code 4117-3-01. OCB objected to appellant's request for voluntary recognition. In its objection, OCB contended that the proposed bargaining unit was not an appropriate unit within the meaning of R.C. 4117.06, and that the consultants were not public employees pursuant to R.C. 4117.01 but were independent contractors.
 {¶ 15} For purposes of recognition requests under R.C.4117.05(A), an initial inquiry must be whether the persons that the organization seeks to represent are public employees, because if persons are not "public employees," as defined by R.C.4117.01(C), then the persons are not subject to the provisions of R.C. Chapter 4117. Hence, an organization cannot seek R.C.4117.05 recognition as the exclusive representative of persons, if the persons it seeks to represent are not public employees. SERB, in its December 20, 2002 order, dismissed appellant's request for recognition upon its determination that the "employees in question are not public employees, but independent contractors."
 {¶ 16} The issue of whether SERB erred when it did not hold an evidentiary hearing has been raised in this appeal. However, to the extent that appellant has argued in its reply brief that SERB erred as a matter of law by not providing the parties an opportunity to request an evidentiary hearing, appellant has not preserved this issue by sufficiently raising the issue with the trial court. Also, by its merit brief before this court, appellant does not assign as error SERB's decision not to provide the parties an opportunity to request an evidentiary hearing. In its reply brief, appellant essentially argues that SERB erred as a matter of law by not providing notice of appellant's right to an evidentiary hearing. However, we note that "[a]n appellant may not use a reply brief to raise new issues or assignments of error." Ostendorf v. Montgomery Cty. Bd. of Commrs., Montgomery App. No. 20257, 2004-Ohio-4520, at ¶ 29, citing Durham v. PikeCty. Joint Vocational School, 150 Ohio App.3d 148,2002-Ohio-6200, at ¶ 12. Therefore, we do not consider the alleged error appellant raises in its reply brief.
 {¶ 17} By its first assignment of error, appellant asserts that the trial court erred when it found that SERB's decision that dismissed appellant's request for recognition was supported by reliable, probative, and substantial evidence. Appellant argues that "[b]ecause the evidentiary record at SERB consists only of unsworn position statements by counsel, the decision is not supported by substantial, reliable, and probative evidence." (Appellant's merit brief, at 15.) Appellant has also stated that "the record in this appeal contains no evidence of evidentiary value." Id. at 18, citing Arcaro Bros. Builders, Inc. v. ZoningBd. of Appeals (1966), 7 Ohio St.2d 32, 33.
 {¶ 18} Appellee OCB argues that appellant has waived this issue because appellant did not sufficiently raise this issue at the trial court level. We observe that in appellant's brief before the trial court, at 21, appellant asserted that the "unsupported arguments of OCB's representative cannot serve as reliable probative evidence to support SERB's opinion." This statement by appellant seems to raise the issue that SERB relied, at least in part, upon unsworn statements in the record. However, appellant did not argue that its own submissions were unreliable because they were unsworn or unauthenticated. Nonetheless, even assuming that appellant has sufficiently preserved the issue that SERB's decision was not supported by reliable, probative, and substantial evidence because the evidence was unsworn or unverified, we find appellant's argument to be without merit.
 {¶ 19} We recognize that "[i]n order to contain any evidentiary value, [testimony] must be made under oath."Dauterman v. Washington Twp. Bd. of Trustees (Apr. 20, 2000), Hancock App. No. 5-99-54, citing Arcaro Bros. Builders, at 33-34. However, this rule may be waived. "Although the administration of the oath at trial or at an administrative hearing may be expressly or impliedly waived, when no such waiver is apparent on the record, unsworn testimony cannot provide the preponderance of substantial, reliable, and probative evidence necessary to support an administrative decision." GibraltarMausoleum Corp. v. Toledo (1995), 106 Ohio App.3d 80, 85, citingDudukovich v. Lorain Metro. Hous. Auth. (1979),58 Ohio St.2d 202, 206. Essentially, because of the waiver, the statements are treated as if they were sworn. See All Structures, Inc. v.Lakewood (June 16, 1988), Cuyahoga App. No. 54055, citing bothZurow v. Cleveland (1978), 61 Ohio App.2d 14, 24, andDudukovich, at 206.
 {¶ 20} Similarly, with respect to the evidentiary quality of documentary evidence in the context of a motion for summary judgment, an Ohio appellate court has stated, "By failing to interpose a timely objection, any error committed by the court in considering * * * the unauthenticated documentary evidence was waived by appellant for purposes of this appeal." Rodger v.McDonald's Restaurants of Ohio, Inc. (1982), 8 Ohio App.3d 256,258, fn. 7. See, also, Lytle v. Columbus (1990),70 Ohio App.3d 99,104
("When ruling on a motion for summary judgment, a trial court may consider documents other than those specified in Civ.R. 56[C] in support of the motion when no objection is raised."). Even though SERB did not hold a live, evidentiary hearing in this case, and even though this is not a summary judgment case, we find that the reasoning of these doctrines provides insight to the proper resolution of the case at bar, in view of appellant's own submissions to SERB. Moreover, we also observe that, as a general rule, administrative agencies are not strictly bound by the rules of evidence. Haley v. Ohio State Dental Bd. (1982),7 Ohio App.3d 1, 6.
 {¶ 21} Here, appellant submitted, with its statements of counsel, "declarations" of numerous consultants, as well as a "sample medical consultant and BDD contract" to SERB for its consideration. In its decision affirming the SERB order, the trial court referred to "affidavits" in the record before SERB. In Ohio, an affidavit is "a written declaration under oath, made without notice to the adverse party." R.C. 2319.02. Although the declarations submitted by appellant were signed by the declarants, the declarations were not confirmed by the oath or affirmation of the persons making them. Therefore, the declarations submitted by appellant were not, in fact, affidavits. Furthermore, even though the sample contract in the record is not authenticated, it was signed by a consultant and a representative of RSC.
 {¶ 22} Although the trial court improperly referred to "affidavits" in the record, appellant provided no reason to doubt the reliability or authenticity of its own submissions, including the declarations and the sample contract. In fact, at the trial court level, appellant argued that "SERB issued a conclusory opinion that did not properly address the law or the voluminous reliable evidence submitted by appellant." (Appellant's trial court brief, at 1.) Appellant stated in its "statement of the case" section of its brief before the trial court, at 4, "[appellant's] position statement included numerous Declarations with documents from the Medical Consultants establishing the factual basis for the Medical Consultants' employee status. In contrast, OCB's position statement contained no Declarations or otherwise reliable evidence; only unsupported arguments of OCB's counsel." Only now, on appeal, does appellant argue that its own submissions are of no evidentiary value.
 {¶ 23} Appellant's submissions, including the declarations and the sample contract, were submitted to SERB in support of appellant's contention that the consultants are public employees. These submissions provide insight into the factual circumstances of the arrangement between the consultants and BDD. The Supreme Court of Ohio has defined the principal common law test for determining whether a person is an independent contractor, as follows:
"Whether one is an independent contractor or in service depends upon the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created."
Hamilton v. State Emp. Relations Bd. (1994),70 Ohio St.3d 210, 213, quoting Gillum v. Indus. Comm. (1943),141 Ohio St. 373, paragraph two of the syllabus. In Hamilton, the Supreme Court of Ohio noted that "under the National Labor Relations Act the `right to control' test contemplates `whether the employer has sufficient control over the employment conditions of its employees to enable it to bargain with a labor organization as their representative.'" Id. quoting Natl. Transp. Serv., Inc.
(1979), 240 N.L.R.B. 565. In view of the right to control test, appellant's submissions provided factual bases for the finding that the consultants are not public employees.
 {¶ 24} The terms of the sample contract support a finding that the consultants are independent contractors. Appellant argues that "contractual language labeling a worker as an `independent contractor' is not controlling in the determination [of] whether a worker is in fact an employee." (Appellant's merit brief, at 23.) Appellant argues that SERB's reliance on and the weight given to the "independent contractor" language in the medical consultants' contracts is misplaced as a matter of law. Even though "the mere existence of a document styled `employment agreement' [should not] lead inexorably to the conclusion that either party is an employee," Clackamas GastroenterologyAssociates P.C. v. Wells (2003), 538 U.S. 440, 450,123 S.Ct. 1673, the sample contract, submitted by appellant, provides significant insight into the relationship between a consultant and BDD.
 {¶ 25} For example, the sample contract states:
The parties to this contract intend that the relationship between them created by this contract is that of employer-independent contractor. RSC is interested only in the results obtained under this contract. The manner and means of conducting the work are under the sole control of contractor. * * * It is expressly agreed that contractor is not an employee or agent of RSC * * *.
The sample contract also provides for no deductions to be made "from the contractor's wages for local, state, or federal income taxes, social security, or public employee's retirement. * * * Contractor understands that he/she is responsible to pay, according to law, his/her income taxes. Contractor further understands that he/she may be liable for self-employment tax, to be paid by him/her according to law." The sample contract, which was submitted by appellant, clearly supports the finding that the consultants are independent contractors.
 {¶ 26} Although many of the statements contained in the declarations could have supported a decision that the consultants are public employees, there is also some factual support for the finding that the consultants are independent contractors. The declaration of Paul Heban states that "[t]he agency allows Medical Consultants unpaid leave time to complete Continuing Medical Education, vacations, sickness, and other unpaid periods of absence[.]" A reasonable inference from this statement is that the consultants are provided unpaid leave for continuing medical education, vacations, and sickness, but not paid leave.
 {¶ 27} We conclude that appellant's own submissions provided the requisite quantum of evidence for a finding that the consultants are not public employees, but independent contractors. Therefore, under the facts of this case, we do not find that the trial court abused its discretion when it found that SERB's decision was supported by reliable, probative, and substantial evidence, even though SERB merely requested "position statements" and did not conduct a live, evidentiary hearing, and even though the trial court erroneously referred to documents in the record as "affidavits." Accordingly, we overrule appellant's first assignment of error.
 {¶ 28} In its second assignment of error, appellant asserts that SERB and the trial court erred by failing to properly analyze and apply the "right to control" test with respect to determining the consultants' "employee" status under R.C.4117.01(C). Appellant also appears to argue that SERB and the trial court gave particular factors undue weight in the right to control analysis. We find these arguments to be unpersuasive.
 {¶ 29} The significance of Social Security Administration ("SSA") regulations, as they relate to the resolution of the independent contractor status issue, has been disputed in this case. At issue is whether SSA regulation should have been construed by SERB as indicating RSC control. As stated by appellant, "The SSA regulations, rules and directives govern and delineate most aspects of the processes to be followed, the procedures to be used, and the standards to be met by the Medical Consultants." (Appellant's merit brief, at 7, citing20 C.F.R. 404.1602 et seq.; see declaration of Cindy Mayti.)
 {¶ 30} Appellant reasons that "the SSA has delegated the duty of compliance with its regulations to BDD. BDD thus controls the means and methods of the Medical Consultants' work." (Appellant's merit brief, at 27.) We disagree with this reasoning. The fact that RSC requires the consultants to comply with SSA regulations does not equate to RSC's right to control the activities of the consultants. Stated differently, to the extent that SSA regulations control the activities of the consultants, these regulated aspects are not controlled by either the consultants or RSC, and therefore could be viewed as inconsequential to the determination of whether the consultants are employees of RSC.
 {¶ 31} Whether a person is an independent contractor or an employee depends on the particular facts of each case.Hamilton, supra, at 213. Here, SERB discussed various facts of this case and ultimately determined that the consultants are not public employees, but independent contractors. Contrary to appellant's contention, there is no indication that SERB unduly relied on the consultants' status as professionals when it determined that the consultants are independent contractors. Although SERB could have been more thorough in its analysis of the independent contractor status issue, we cannot conclude that it improperly applied the right to control test in its resolution of the issue. Moreover, merely because SERB reached a conclusion adverse to appellant does not render SERB's analysis as insufficient or its application of the right to control test as being contrary to law.
 {¶ 32} Based on the foregoing, we conclude that appellant's argument that SERB and the trial court failed to properly analyze and apply the right to control test is without merit. We find that the trial court did not err in finding SERB's order to be in accordance with law. Consequently, we overrule appellant's second assignment of error.
 {¶ 33} For the foregoing reasons, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt and Wright, JJ., concur.
Wright, J., retired of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] R.C. 4117.01(C) provides for specific exceptions to the definition of "public employees." These exceptions are not relevant to this case.